## R. A. McWHORTER v. THE STATE.

1. THEFT — POSSESSION OF RECENTLY STOLEN PROPERTY — CHARGE OF
THE COURT.— In a trial for theft the court charged the jury as fol-
lows: "The possession of recently stolen property is not conclusive
evidence of the guilt of the person having such possession; but
such possession, if proved, may be taken into consideration as a cir-
cumstance, in connection with all the other facts and circumstances
which may have been proven in the case, to enable you to deter-
mine as to the guilt or innocence of the accused." *Held*, a charge
upon the weight of the evidence, and in direct violation of the pro-
vision of the Code of Procedure which inhibits such charges. See
the opinion *in extenso* on the subject.

2. SAME.— Not the slightest intimation of the opinion of the court upon
the facts of the case should be communicated to the jury.

APPEAL from the District Court of Navarro.    Tried
below before the Hon. L. D. BRADLEY.

The indictment charged the appellant and William Mc-
Whorter with the theft of eight mares, four mules, and
six geldings, the property of M. S. Finch, senior, and
at the same time and place, of two mares and one mule,
the property of R. E. Finch.    The time of the offense
was alleged as March 15, 1877.    In January, 1882, a trial
of the appellant was had, and resulted in his conviction
and the assessment of his punishment at a term of eight
years in the penitentiary.

The testimony in the case is prolix, and a detail of it is
not necessary.    The principal inculpatory evidence was to
the effect that the appellant and William McWhorter,
just before the animals disappeared, came to the neigh-
borhood from which they were taken, and inquired who
had horses for sale, and, after the animals were driven
off, a prompt pursuit overtook them and the two Mc-
Whorters near Dallas.    A fight ensued between them and
the pursuers, in which the appellant received a gunshot
wound, and was arrested.    The defense endeavored to
prove a purchase of the animals, and, after the verdict of

conviction, moved for a new trial on the ground of newly-discovered evidence. Much of the record consists of the affidavits and counter-affidavits relative to the motion. A new trial was refused, and the defendant appealed.

*Simkins & Simkins*, for the appellant.

*H. Chilton*, Assistant Attorney General, for the State.

HURT, J. The appellant was convicted of theft. The State relied upon recent possession and conduct of defendant when found in possession of the stolen property. The court below charged upon recent possession as follows: " The possession of recently stolen property *is not conclusive* evidence of the guilt of the person having such possession, but such possession, if proven, may be taken into consideration as a circumstance, in connection with all the other facts and circumstances which may have been proven in the case, to enable you to determine as to the guilt or innocence of the accused."

The defendant moved for a new trial upon the ground that this charge was illegal, the court having no right to charge upon the weight of evidence. This charge is evidently upon the weight of the evidence, and in this respect is in direct violation of the Code upon this subject.

This subject of recent possession is a very vexatious one indeed. The trial courts feel it their duty to touch upon it in their charges, and counsel for defendants are persistent in their efforts to have the courts charge on the subject. It seems to be agreed upon all sides that in every case in which recent possession figures it is the duty of the courts to treat the subject in their charges.

This is a very great mistake. The judge must not charge upon the weight of the evidence. This rule applies to all evidence; how very strange indeed that the opinion should obtain that recent possession is an exception to this rule! Is not recent possession evidence ?

Clearly so. If so, does it not stand upon the same ground (so far as the rule which inhibits the courts from charging upon the weight of evidence is concerned) as any other fact or facts? Certainly it does. The trial courts have no right to charge that it is conclusive or not conclusive, *prima facie*, or that it has any probative force. Neither have the courts the right to charge that it is not sufficient, etc.

If upon the trial of a cause there is no other evidence save the bare recent possession, the party not being required or given an opportunity to explain, or, if called upon directly or by the circumstances to explain, he gives a reasonable explanation, it would not be the duty of the court to charge upon the weight of these facts, but to award the defendant a new trial.

If the court below can, without violation of the Code, charge upon the weight to be given to recent possession, why not upon each and every fact adduced on the trial? If the right obtains in the one case, certainly it will hold good in all, and we will have reached the old times when the trial judges summed up the case, giving their views upon the bearing and weight of each and every fact and circumstance introduced in the case. We are told, however, by our able assistant attorney general that this charge was favorable to the defendant, and that therefore he cannot complain. This is very dangerous ground. In the first place the court violated the law in giving the charge; this being the case, we should be very certain that the rights of the defendant were not injured, when we have to speculate as to the construction the jury placed upon it.

We, however, cannot agree with the view taken of this matter by the assistant attorney general. The court charged that recent possession was not conclusive evidence of the guilt of the party. From this the jury would have the right to infer that it was some if not

*prima facie* evidence, and by aiding it with other facts, could reach a verdict of guilty. The court should not give the slightest intimation of his opinion upon the facts.

There are a large number of affidavits and counter-affidavits contained in the motion for new trial. These and the action of the court in overruling the motion will not be noticed, as a new trial will clear the record. The other assignments we think are not well taken.

For the error in the charge, the judgment is reversed and the cause remanded.

*Reversed and remanded.*